

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 2:10cv264**

**JAMES R. CLAY,
RENEE ANDREU, and
COUNTRYWIDE HOME LOANS,**

    **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant, Renee Andreu, and Plaintiff's Motion to Strike Ms. Andreu's Answer to the Complaint. Plaintiff filed a memorandum in support of its motions and Ms. Andreu did not file a response, although she submitted a brief letter to the court re-asserting her interest in the property that is the subject of this litigation. Having held a hearing on both motions, the Court finds the matter ripe for decision. For the reasons stated herein, Plaintiff's Motion for Default Judgment is **GRANTED** and Plaintiff's Motion to Strike is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 4, 2010, Plaintiff filed suit against Defendant James R. Clay for unpaid federal income tax liabilities and to foreclose the federal tax liens against certain real property in which Renee Andreu and Countrywide Home Loans may have an interest. On September 15, 2010, the Clerk entered default against Defendant Renee Andreu for failure to file an Answer to the

Complaint. On Defendant's motion, the Court later set aside the entry of default against Ms. Andreu on October 29, 2010. Ms. Andreu also filed an Answer to the complaint on October 29, 2010. On March 4, 2011, the Court entered default judgment against Mr. Clay as to Count I of the Complaint and awarded Plaintiff $274,314.91, plus statutory penalties and interest.

On May 31, 2011, Ms. Andreu's counsel filed a motion to withdraw as counsel, due to Ms. Andreu's desire to proceed *pro se*. On June 3, 2011, Defendant Countrywide Home Loans was dismissed from the action pursuant to a stipulation and consent dismissal order. On August 8, 2011, Plaintiff filed a motion to compel Ms. Andreu to respond to discovery previously requested, and her responses remain outstanding. On August 16, 2011, this Court held a hearing on the motion to withdraw, but Ms. Andreu failed to appear at the hearing. This Court rescheduled the hearing on the motion to withdraw for the parties to appear before Magistrate Judge F. Bradford Stillman and ordered Ms. Andreu to attend the second hearing. In the order, this Court noted that if Ms. Andreu failed to appear a second time, the Court would grant Plaintiff leave to seek a default judgment against her. The clerk mailed a copy of the order to Ms. Andreu and her counsel informed her of the rescheduled hearing by voicemail and letter. On August 23, 2011, Judge Stillman held a hearing on the motion to withdraw as counsel and Ms. Andreu failed to appear again, despite this Court's order. Accordingly, Judge Stillman granted the motion to withdraw on August 23, 2011, as Ms. Andreu had indicated to her counsel that she would no longer cooperate with them.

On August 30, 2011, Plaintiff moved to strike Ms. Andreu's Answer to the complaint, and moved for entry of default and default judgment against Ms. Andreu. Plaintiff also provided a Roseboro Notice to Ms. Andreu on August 30, 2011. Subsequently, on September 13, 2011,

Ms. Andreu submitted a letter to the Court asserting that she does have an interest in the property that is the subject of this case and attached a copy of the deed of trust.

This Court scheduled a hearing on Plaintiff's Motion for Default Judgment and Motion to Strike for October 24, 2011 and the Court mailed notification of same to Ms. Andreu. The Court held the hearing as scheduled and Ms. Andreu also failed to appear at this hearing.

## II. LEGAL STANDARD

### A. Motion for Default Judgment

The Federal Rules of Civil Procedure provide for the entry of default against a party when that party has "failed to plead or otherwise defend" her case. Fed. R. Civ. P. 55(a). In cases involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A party requesting a default judgment must make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). The Court may conduct a hearing, if necessary, to take an accounting, determine the amount of damages, establish the truth of any averment by evidence, or make an investigation of additional matters. Fed. R. Civ. P. 55(b)(2).

Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v.*

*Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). A panel of the Fourth Circuit also has noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Pinpoint IT Services, LLC v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision)). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

### B. Motion to Strike Answer

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"The standard upon which a motion to strike is measured places a substantial burden on the moving party." *Cameron v. MTD Products, Inc.*, 2004 WL 3256003, at *2 (N.D. W. Va. Jan. 7, 2004). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va.1993)).

## III. DISCUSSION

### A. Motion for Default Judgment

Plaintiff argues that a default judgment is warranted because of Defendant's failure to

defend the case and to comply with the Court's orders and procedural rules. Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Moreover, a litigant's *pro se* status does not vitiate her obligation to comply with the Federal Rules of Civil Procedure. *See, e.g., Michael D. Vick v. Wong et al.*, 263 F.R.D. 325, 333 (E.D. Va. 2009) (noting that "*pro se* litigants are subject to the same [procedural] rules as counsel"). Ms. Andreu has failed to appear on multiple occasions and has not complied with the Rules or the Court's orders. Thus, a default judgment is appropriate under such circumstances. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by the court).

Defendant has failed to defend the case, including the instant Motion for Default Judgment. On September 15, 2010, the Clerk entered default against Ms. Andreu for failure to file an Answer to the Complaint. On Defendant's motion, the Court later set aside the entry of default against Ms. Andreu on October 29, 2010, and Ms. Andreu, by counsel, also filed an Answer on that date. However, Ms. Andreu subsequently decided not to cooperate with her counsel, who filed a motion to withdraw on May 31, 2011. Ms. Andreu then failed to appear at the hearing on the motion to withdraw on August 16, 2011. This Court ordered Ms. Andreu to appear at the rescheduled hearing on the motion to withdraw, held on August 23, 2011 before Magistrate Judge F. Bradford Stillman; however, she failed to appear a second time.

Ms. Andreu also has failed to comply with her discovery obligations, and the record reflects that she did not appear at the attorney's conference last week in this case. Accordingly,

Ms. Andreu has disregarded the orders of both this Court and the Magistrate Judge. Moreover, Ms. Andreu did not appear at the default hearing on the instant motions held on October 24, 2011, for which the Court provided notice. Lastly, Defendant is not an infant, an incompetent person, or in the military service. While Ms. Andreu submitted a letter to the Court on September 13, 2011, re-asserting her interest in the property that is the subject of this litigation, she has otherwise failed to comply with the rules of procedure and the Court's orders mandating her appearance. *See, e.g., Pinpoint IT Services, LLC v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision))( "[T]he extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").

Therefore, under the general rule laid out above, default judgment is appropriate and Plaintiff's Motion for Default Judgment is **GRANTED** accordingly.

### B. Motion to Strike Answer

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court finds that Ms. Andreu's Answer does not fall under any of these categories of matters subject to a motion to strike. Further, aside from seeking a default judgment against Ms. Andreu, Plaintiff has not provided any specific reason why Ms. Andreu's Answer should be stricken. Given the substantial burden placed on the party moving to strike and the courts' general disfavor of such a motion, this Court finds no good cause to strike Ms. Andreu's Answer

6

to the Complaint. Therefore, Plaintiff's Motion to Strike is **DENIED**.

## IV. CONCLUSION

The Plaintiff's Motion for Default Judgment against Renee Andreu is **GRANTED** and Plaintiff's Motion to Strike Ms. Andreu's Answer to the Complaint is **DENIED**. Accordingly, Ms. Andreu is hereby **DISMISSED** as an interested party in this litigation.

It is furthered **ORDERED** that the Rule 16(b) scheduling conference order for this case is **CANCELLED** as moot, and Plaintiff's Motion to Compel Discovery by Ms. Andreu is **DENIED** as moot.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 24, 2011