IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

NOV 30 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.  CIVIL ACTION NO. 2:10cv264

**JAMES R. CLAY,**
**RENEE ANDREU, and**
**COUNTRYWIDE HOME LOANS,**

**Defendants.**

### *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant, James R. Clay, as to Count II of the United States' Complaint. Defendant has not filed any documents in opposition to Plaintiff's Motion or Complaint. For the reasons stated herein, Plaintiff's Motion for Default Judgment as to Count II is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 4, 2010, the United States filed suit against Defendant James R. Clay for unpaid federal income tax liabilities for the years 1999 to 2002 and to foreclose the federal tax liens against certain real property in which Defendants Renee Andreu and Countrywide Home Loans had an interest. In Count I of the Complaint, the United Sates sought a judgment for the unpaid federal income taxes. In Count II of the Complaint, the United States sought to foreclose its federal tax liens and sell real property located at 2716 Coldwell Street, Virginia Beach, Virginia.

On March 4, 2011, the Court entered default judgment against Mr. Clay as to Count I and awarded the United States $274,314.91, plus statutory penalties and interest. Defendant

Countrywide Home Loans was dismissed from the action pursuant to a stipulation and consent dismissal order on June 3, 2011. On October 25, 2011, the Court then entered default judgment against Defendant Renee Andreu and dismissed her from the suit as a party in interest.

On November 2, 2011, the United States filed the instant Motion for Default Judgment as to Count II against Mr. Clay. The United States also moves this Court to order the sale of the real property at 2716 Coldwell Street, the proceeds of which would be paid first to Defendant Countrywide Home Loans, to satisfy Countrywide's mortgage lien against the property, and then to the United States to be applied towards Mr. Clay's unpaid tax liabilities. Mr. Clay has not responded to the motion.

The Court held a hearing on the instant motion on November 29, 2011. The Court mailed notification of this hearing to Mr. Clay on November 17, 2011. However, Mr. Clay failed to appear at the hearing.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the entry of default against a party when that party has "failed to plead or otherwise defend" her case. Fed. R. Civ. P. 55(a). In cases involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A party requesting a default judgment must make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). The Court may

conduct a hearing, if necessary, to take an accounting, determine the amount of damages, establish the truth of any averment by evidence, or make an investigation of additional matters. Fed. R. Civ. P. 55(b)(2).

Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). A panel of the Fourth Circuit also has noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Pinpoint IT Services, L.L.C. v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. July 13, 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. Mar. 9, 1993) (unpublished table decision)). Entry of default judgment is committed to the sound discretion of the district court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

### III. DISCUSSION

The United States argues that a default judgment is warranted because of Defendant Clay's complete failure to defend the case. Rule 12(a) of the Federal Rules of Civil Procedure requires that a defendant serve an answer within twenty days of being served with the summons and complaint. Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). A litigant's *pro se* status does not vitiate his obligation to comply with the Federal Rules of Civil Procedure. Defendant here has failed to appear and has

not complied with the Rules; thus, a default judgment is appropriate under such circumstances. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by court); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding default judgment when defendant lost summons and complaint and did not answer within the prescribed period).

Mr. Clay has completely failed to defend the case throughout these proceedings, including the instant Motion for Default Judgment as to Count II. Mr. Clay was served with a writ of summons, complaint, and supporting documents on July 27, 2010 and August 12, 2010. He did not request an extension of time in which to answer the Complaint, or any other motion, with the Court and he never responded to the Complaint. An Entry of Default as to Count I was entered against Mr. Clay on September 15, 2010. On March 2, 2011, Mr. Clay did not appear at the hearing on the Motion for Default Judgment as to Count I, for which the Court provided notice. Accordingly, on March 4, 2011, the Court granted the United States' Motion for Default Judgment as to Count I and awarded the United States $274,314.91, plus statutory penalties and interest.

Following the Court's order of March 4, 2011, Mr. Clay did not contest or otherwise respond to the Court's order. On the instant Motion for Default Judgment as to Count II, Defendant likewise has failed to respond to the motion or otherwise defend the case. The record reflects that the United States has made eleven separate attempts to contact Mr. Clay in regards to this litigation, not including the communications from Defendant Renee Andreu's counsel or from this Court. Further, Defendant is not an infant, an incompetent person, or in the military

4

service.

Therefore, under the general rule laid out above, default judgment is appropriate.

## IV. CONCLUSION

The Plaintiff's Motion for Default Judgment as to Count II is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 30, 2011

5